IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| OMAR JOHNSON | : | |
| Petitioner | : | |
| v | : | Civil Action No. JFM-08-2980 |
| JOHN ROWLEY and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | : : | |
| Respondents | : | |

o0o

## **MEMORANDUM**

Petitioner was directed to supplement his pleadings with an explanation regarding any assistance he has been receiving and to clarify the basis for his request for equitable tolling. Paper No. 16.  Petitioner has complied with the order.  Papers No. 17, 18, 19, 20 and 21.  At issue is whether the untimely petition for writ of habeas corpus may nevertheless be reviewed because petitioner is either entitled to tolling of the statute of limitations as provided in 28 U.S.C. § 2244 or is otherwise entitled to equitable tolling of the statute of limitations.

### **Background**

Petitioner was convicted of first-degree murder and use of a handgun in the commission of a felony in the Circuit Court for Baltimore City, Maryland on June 25, 1993.  Paper No. 10 at Ex. 1, 2, 4, and 5.  He was sentenced to serve a term of imprisonment of life with 20 years concurrent for the use of a handgun.  On August 8, 1994, the Court of Special Appeals of Maryland affirmed petitioner's conviction, on direct appeal.  *Id*. At Ex. 2.  On March 22, 1995, the Court of Appeals declined petitioner's request for further review.  *Id*. At Ex. 3.  Petitioner's convictions became final when the time for seeking certiorari before the United States Supreme Court expired on June 20, 1995.

On December 8, 2003, petitioner filed for post-conviction relief in the Circuit Court for Baltimore City. He alleged ineffective assistance of trial counsel based on counsel's: failure to submit a voir dire question to determine whether any potential juror had feelings about narcotic crimes which would cause them to lose objectivity; failure to object when an officer testified that the defendant would not talk when interviewed by police about the crime; failure to move to strike the testimony of Judith Jackson; failure to interview Judith Jackson pre-trial; failure to visit the crime scene and produce evidence of the scene at trial; failure to make a timely motion to modify sentence; failure to object to jury instructions about the presumption of innocence and reasonable doubt; failure to request a jury instruction regarding the presence of the defendant at the scene; failure to object to the petitioner being charged with wearing, carrying, or transportation of a handgun; and failure to object to the jury instruction on first-degree murder. Paper No. 10 at Ex. 5, p. 3. Petitioner also alleged at post-conviction that he was denied effective assistance of appellate counsel because he failed to raise the issue of trial court error in instruction regarding the presumption of innocence and reasonable doubt. *Id.*

In an order dated September 28, 2004, the court denied post-conviction relief. Petitioner did not appeal the denial, but on October 19, 2007, filed a motion to reopen the proceedings. *Id.* At Ex. 5. In rejecting the motion in a decision dated December 18, 2007, the court stated in part:

> To date, Petitioner has had three petitions for post conviction relief considered and denied, along with a State Petition for Habeas Corpus. Moreover, the Maryland appellate courts have considered and denied Petitioner's multiple appeals. Now, Petitioner has levied errors with respect to the alleged ineffective assistance of trial counsel and post conviction counsel, as well as that his sentence is illegal where he claims the trial judge imposed Petitioner's sentence without exercising the proper discretion. Petitioner thus asks this court to consider reopening his post conviction proceeding.

*Id.* at p. 3.  The court concluded, without addressing the claims raised by petitioner, that the interests of justice would not be served by reopening the post conviction proceedings.  *Id*. at p. 6.   Petitioner filed a motion to alter or amend the order, which was denied on January 8, 2008.  *Id*. at Ex. 1.  His application for leave to appeal the denial was denied on September 25, 2008, and the court's mandate issued on October 27, 2008.  *Id*. at Ex. 6.

Petitioner's co-defendant, Anthony Brown, filed for post-conviction relief on grounds similar to those raised by petitioner.  *See* Paper No. 19.  Brown obtained post-conviction relief on September 29, 2007, when he was released from incarceration.  Paper No. 13 at p. 2.  Petitioner filed a state habeas corpus petition in the Circuit Court for Baltimore City alleging *inter alia* that the reasonable doubt instruction given by the trial court was unconstitutional.  Paper No. 18 at Attachment 4.  The court found most of the grounds raised procedurally barred, but addressed the merits of the reasonable doubt claim, noting that petitioner's co-defendant had been released after successfully raising the same claim.  *Id*.  The court noted its deference to the judge deciding Brown's case, but found the instruction given to be constitutionally sound.  *Id*. At pp. 5 – 9.  The decision denying state habeas relief was issued on December 29, 2008.  *Id*. At p. 10.

Petitioner claims that the six issues[1] raised successfully by Brown also apply to the validity of his conviction.  His efforts to reopen post-conviction proceedings with respect to his conviction were, however, denied.  Paper No. 13.  Petitioner asserts that the filing deadline should be tolled because the denial of relief to him, in light of his co-defendant's success, is a miscarriage of justice.  *Id*.  Also present in this case is the issue of petitioner's ability to comply

---

[1]  Among the issues raised by Brown was that the jury instruction regarding reasonable doubt and presumption of innocence was unconstitutional.  Papers No. 13 and 19.

with the filing deadlines involved due to his cognitive and psychological limitations.[2] *See* Paper No. 15, 18, 20 and 21. Evidence has been produced that petitioner has relied chiefly on the assistance provided by jailhouse lawyers, family, and friends to file the instant petition as well as other state pleadings. *See* Papers No. 17, 19, and 20.

### Standard of Review

Persons such as petitioner whose convictions were finalized before April 24, 1996, had one year from the effective date, i.e., until April 23, 1997, to file a petition for writ of habeas corpus in federal court. *See Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir. 1998). This one-year period is, however, tolled while properly filed post-conviction proceedings are pending. *See* 28 U.S.C. §2244(d)(2); *see also Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *Hernandez v. Caldwell*, 225 F. 3d 435, 438 (4th Cir. 2000). The instant petition was filed on November 7, 2008, and is untimely.

The statute further specifies that the one-year limitation begins to run

> from the latest of-- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.§ 2244(d)(1).

The limitations period is also subject to equitable tolling in "'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce

---

[2] Documents submitted by petitioner and others on his behalf state that he suffers from bipolar disorder, he has a history of significant head trauma and an I.Q. of 85. Paper No. 15 and 21.

the limitation against the party and gross injustice would result.'" *Hill v. Braxton*, 277 F. 3d 701, 704 (4th Cir. 2002) *citing Harris* 209 F. 3d at 330.  To be entitled to equitable tolling, petitioner must establish that either some wrongful conduct by respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay.  *See Harris*,  209 F. 3d at 330.

## Analysis

Petitioner's first assertion is that he is entitled to tolling of the statute of limitations because his co-defendant was released. Paper No. 1 and 13.   The claim appears to be made under 28 U.S.C. §2244(d)(1)(D), which  allows a federal habeas petition to be filed one year after "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  The fact that petitioner's co-defendant was released, however, is not the factual predicate of the claim presented.  Brown's release in and of itself does not entitle petitioner to the same relief, nor does it, alone, state a claim.  The factual predicate for petitioner's claim was well known to him since the date of his trial, as evidenced by the numerous pleadings he filed challenging the validity of the trial.

Petitioner's second assertion is that his psychiatric problems and  difficulties with reading comprehension and written language entitles him to equitable tolling.   "As a general matter, the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity" *United States v. Sosa*, 364 F. 3d 507, 513 (4th Cir. 2004) *citing Grant v. McDonnell Douglas Corp.*, 163 F. 3d 1136, 1138 (9th Cir. 1998) (equitable tolling appropriate under extraordinary circumstances such as institutionalization or adjudged mental incompetence).  Other courts have noted that there must be a nexus between the alleged mental incapacity and the inability to comply with the filing deadline.  *See e.g.McSwain v. Davis*, 287 F.

Appx 450, 456 (6th Cir. 2008) (incompetence alleged must affect ability to timely file); *Lawrence v. Florida*, 421 F. 3d 1221, 1227 (11th Cir. 2005) (mental impairment alone not enough for equitable tolling); and *Rios v. Mazzuca*, 78 F. Appx 742, 743 (2d Cir. 2003) (causal relationship required).

      Although it is clear that petitioner has some limitation in his ability to draft legal documents on his own, he has managed to file numerous pleadings challenging his conviction with assistance he enlisted from others.  *See* Paper No. 18 at Attachment 4, pp. 2—3.  Indeed, the very claim he insists entitles him to release has been presented to the state court and given full consideration.  *Id*.  Accordingly, having found no basis upon which to toll the statute of limitations in this case, the petition must be dismissed as untimely.  A separate order follows.

July 29, 2009                                                /s/
Date                                                            J. Frederick Motz
                                                                    United States District Judge